## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DANNY RAY HENINGTON

                                                    PETITIONER

ADC #144797

v.                          Case No. 5:12cv00320 JLH-JTK

RAY HOBBS, *Director*,
Arkansas Department of Correction

                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United

States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Danny Henington (DE #2, Petition). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Procedural History

In May 2009, a Benton County (Arkansas) jury found Petitioner guilty of raping his five-year-old step-granddaughter K.J., and he was sentenced to thirty-six months in the Arkansas Department of Correction. Petitioner appealed his conviction to the Arkansas Court of Appeals, arguing there was insufficient evidence to support the verdict and that it was reversible error for the trial court to allow the testimony of a witness under Arkansas Rule of Evidence 404(b). The appellate court affirmed the conviction. *Henington v. State*, 2010 Ark. App. 619, 378 S.W.3d 196.

Petitioner subsequently sought post-conviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The trial court denied the petition, and Petitioner appealed to the Arkansas Supreme Court, asserting the circuit court erred in failing to conduct an evidentiary hearing and that the circuit court's written findings constituted reversible error. The Arkansas Supreme Court affirmed the denial of Rule 37 relief on April 26, 2012. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

Petitioner filed the present petition on August 17, 2012. Respondent submitted a response on September 25, 2012, in which he admits Petitioner is in his custody pursuant to the Benton County (Arkansas) conviction and sentence. Respondent also admits that Petitioner has no unexhausted, non-futile state remedies available to him, but he denies that Petitioner is entitled to an evidentiary hearing or any habeas corpus relief. Petitioner filed a Reply on December 18, 2012, asserting ineffective counsel as cause for the

3

procedural default of some of his ineffective assistance of counsel claims.

## Discussion

Petitioner argues he is entitled to relief because he was denied due process and a fundamentally fair trial in violation of the Fifth and Fourteenth Amendments to the United States Constitution when (1) the trial court allowed the testimony of witness D.W. and (2) he was denied effective assistance of counsel because counsel failed to (a) investigate D.W.'s story to a counselor that he molested her, (b) request a rape shield hearing, and (c) explore a theory of defense.  In response, the Attorney General argues Petitioner's claims are procedurally defaulted because did not raise any federal claims in state court.  He also asserts that the state courts did not unreasonably apply the appropriate federal standards. Petitioner filed a Reply in which he reiterates his arguments and claims ineffective assistance of counsel as "cause" for the procedural default.

## Ground One

a.  D.W.'s testimony

In ground one, Petitioner makes several arguments.  Petitioner first contends the trial court erred in admitting the testimony of D.W. pursuant to the "pedophile exception" to Arkansas Rule of Evidence 404(b).  He also claims that the testimony was inconsistent, wherein D.W. changed her "story" as to the facts surrounding the rape. He states that the jury convicted him of raping this witness even though he was never "accused of raping" her.

4

The record indicates that, in a motion hearing held prior to the jury trial, the State sought to introduce the testimony of D.W. purusant to the "pedophile exception" to Arkansas Rule of Evidence 404(b).  At this hearing, D.W. testified that, when she was about five years old, Petitioner was her mother's live-in boyfriend.  She stated that Petitioner came into her room and raped her one night while her mother was sleeping. The trial court ruled that this testimony would be admissible at trial if introduced after K.J.'s sufficiently similar testimony.  At trial and outside the presence of the jury, the parties revisited admission of D.W.'s testimony after K.J. testified.  The court ruled that the two incidents were sufficiently similar and allowed D.W.'s testimony before the jury. Following his conviction and on appeal, Petitioner argued that the admission of the testimony was in error.  The appellate court affirmed the trial court's decision.  *See Henington v. State*, 2010 Ark. App. 619, 378 S.W.3d 196.

This ground is procedurally defaulted.  Petitioner did not raise the federal argument he now brings in his direct appeal or in any state post-conviction proceeding.  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006).  To satisfy the "fair presentation" requirement, a habeas petitioner must have referred the state court to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Ford v. Norris*, 364 F.3d 916, 921 (8th Cir. 2004).  Claims in a federal habeas petition not presented

in the state court proceedings and for which there is no remaining state remedy are defaulted.

b.  Use of K.J.'s interview at trial

The second argument is that the use of K.J.'s recorded interview at trial was prejudicial and used to inflame the jury.  He claims the DVD depicting K.J.'s interview was never authenticated at trial and violated the Confrontation Clause.  This argument was never made to the state court and is likewise defaulted.

## Ground Two

In ground two, Petitioner contends that counsel was ineffective when he failed to (1) investigate D.W.'s story that she told a counselor he had molested her, (2) object to D.W.'s testimony, and (3) request a rape shield hearing to request testimony about (i) prior sexual conduct between K.J. and her brother J.J. because they had been caught doing "naughty" things with each other, including experimenting sexually, and (ii) K.J.'s encounter with a neighborhood boy who had "humped" her.

To establish deficient performance, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668 (1984).  Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689.  Petitioner bears the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id*. at 687.  With respect to prejudice, Petitioner's must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Arguments one and two were never raised in state court and are procedurally defaulted.  Argument three was raised in Petitioner's Rule 37 petition.  The Arkansas Supreme Court correctly identified *Strickland* as the appropriate rule for reviewing the ineffective assistance claims, so Petitioner must demonstrate that the court's application of *Strickland* was objectively unreasonable. *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).  Petitioner has failed to meet the burdens placed on him under *Strickland* and 28 U.S.C. § 2254(d).  As noted by the Arkansas Supreme Court, counsel understood he could file a rape-shield motion before the defense rested, but elected not to do so – a decision that was a matter of trial strategy and supported by reasonable professional judgment. Moreover, the court noted that the victims's prior sexual knowledge was developed during examination of K.J.'s mother and grandmother. *Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62.  The Arkansas Supreme Court's decision was not objectively unreasonable, and Petitioner's argument is without merit.

**Cause**

In his Reply, Petitioner acknowledges that some of his arguments were not argued below, and he claims that the cause to excuse his procedural default is the ineffective assistance of counsel.  A claim of ineffective assistance of counsel must be presented in state court as an independent claim before it may be used to establish cause for a procedural default in a federal habeas corpus proceeding.  *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003).  In his appeal from the denial fo Rule 37 relief, counsel for Petitioner did not argue that counsel was ineffective for refusing to raise claims one and two.  Therefore, counsel's alleged ineffectiveness does not constitute cause for Petitioner's procedural default of these claims.  To the extent Petitioner asserts the procedural default should be excused due to the alleged ineffective assistance of post-conviction counsel, the Court finds the argument unpersuasive.  *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) ("inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default on a claim on ineffective assistance at trial.").  It is Petitioner's failure to assert these claims on direct appeal, not in his post-conviction petition, that results in the procedural default. Furthermore, the Court finds no merit to the claims.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2, Petition)be, and it is hereby, dismissed with prejudice.  The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 8th day of November, 2013.

_____

UNITED STATES MAGISTRATE JUDGE