**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DANNY RAY HENINGTON                                                                                      PETITIONER
ADC #144797

v.                                            No. 5:12cv00320 JLH-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                                     RESPONDENT

**ORDER**

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney. After careful review of the findings and recommendations and the timely objections thereto, as well as a *de novo* review of the record, the Court concludes that the findings and recommendations should be, and are hereby, approved and adopted as this Court's findings in all respects in their entirety. Judgment shall be entered accordingly.

The Court writes to add the following comments. First, Danny Ray Henington[1] was represented by counsel in his Rule 37 proceedings, and he does not argue that his lawyers in his Rule 37 proceedings were ineffective. Therefore, the Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), do not apply. Furthermore, the Court has reviewed the records from the state court proceedings and has concluded that Henington's claims are without merit. Nothing about the admission of the testimony of D.W. violates the Fifth or the Fourteenth Amendments to the Constitution of the United States, nor did the admission of K.J.'s videotaped interview violate the confrontation clause since she testified at trial. *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124

---

[1] The petitioner spells his name *Hennington*, but it is spelled *Henington* throughout the state court proceedings.

S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Finally, there is no basis for Henington's argument that his trial lawyer was ineffective. Henington's lawyer objected to D.W.'s testimony, and that objection was overruled at a pretrial hearing on May 13, 2009. As to Henington's argument that his lawyer was ineffective for not investigating D.W.'s claim that she had reported the incident to a counselor, Henington offers nothing to show what the counselor would have said. *Cf. Williams v. Norris*, 576 F.3d 850, 854 (8th Cir. 2009) (the petitioner must show what the omitted testimony was and how it would have changed the outcome).

The Court will not issue a certificate of appealability because Henington has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS SO ORDERED this 17th day of December, 2013.

*[signature: J. Leon Holmes]*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE